UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually

    Plaintiff,

v.                                                      Case No: 2:18-cv-526-FtM-38CM

EIFLER JOERG,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Clerk's Default and Defendant's Unopposed Motion for Enlargement of Time to Respond to Complaint, both filed on August 29, 2018. Docs. 9, 10. Plaintiff moved, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for entry of Clerk's default against Defendant Joerg Eifler d/b/a Hidden Harbor Suites, but subsequently consented to an extension of time for Mr. Eifler to respond to the Complaint. Docs. 9, 10. For the reasons stated below, the motion for Clerk's default will be denied as moot, and the motion to extend Mr. Eifler's time to respond to the Complaint will be granted.

Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ.

> P., the party effecting service shall promptly apply to the Clerk for entry
> of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).

"Courts have a longstanding policy favoring adjudication of lawsuits on the merits, thus defaults are disfavored." *Bateh v. Colquett D. Trucking, Inc.*, No. 3:11-cv-926-J-35MCR, 2011 WL 4501385, at *1 (M.D. Fla. Sept. 28, 2011) (citing *Kilpatrick v. Town of Davie*, No. 08-60775-CIV, 2008 WL 3851588, at *3 (S.D. Fla. Aug. 15, 2008)). Simply because a defendant fails to timely respond to a complaint, it does not show an intentional or reckless disregard for judicial proceedings. *Id.* The court also considers whether there is a meritorious defense to Plaintiff's claims, and a "mere hint of a suggestion that there is a meritorious defense to the claims alleged is sufficient." *Id.* (internal quotation marks omitted).

Here, when Mr. Eifler did not timely file a response to Plaintiff's Complaint, Plaintiff submitted a motion for Clerk's default. Doc. 9. Later the same day, Mr. Eifler, through counsel, filed a motion requesting additional time to respond to Plaintiff's Complaint, which Plaintiff did not oppose. Doc. 10. The Court finds Mr. Eifler's prompt motion for an extension following the Plaintiff's motion for Clerk's default is sufficient to show "a mere hint of a suggestion" of a meritorious defense. *See Bateh*, 2011 WL 4501385, at *1 (internal quotations omitted). Moreover, Plaintiff has agreed to the extension and will not be prejudiced by the minimal delay the extension causes. *See* Doc. 10 at 2-3. As such, the motion for Clerk's default has been rendered moot. *See Pedro-Mejia v. Franco Plastering Inc.*, No. 2:17-cv-452-FtM-99CM, 2017 WL 4922201, at *1 (M.D. Fla. Oct. 31, 2017) (stating motion for

entry of clerk's default rendered moot by defendants filing response to complaint). Additionally, for good cause shown and because the motion is unopposed, Mr. Eifler's motion for extension is granted.

ACCORDINGLY, it is

**ORDERED:**

1. Plaintiff's Motion for Clerk's Default (Doc. 9) is **DENIED as moot**.

2. Defendant's Unopposed Motion for Enlargement of Time to Respond to Complaint (Doc. 10) is **GRANTED**. Joerg Eifler d/b/a Hidden Harbor Suites shall have up to and including **September 12, 2018** to respond to Plaintiff's Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on this 30th day of August, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record